JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Ashley Brown | Lyft, Inc. and John Doe - Driver |

| (b) County of Residence of First Listed Plaintiff  Philadelphia County | County of Residence of First Listed Defendant  San Francisco, CA |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| David Brian Rodden, Esq.<br>Rodden & Rodden - 125 N. 20th Street<br>Philadelphia, PA 19103 - (215) 940-2155 | Jeffrey H. Quinn, Esq. and Allison L. Perry, Esq. - Lyft, Inc. |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
       Plaintiff

☐ 2  U.S. Government
       Defendant

☐ 3  Federal Question
       *(U.S. Government Not a Party)*

☒ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | ☐ 690 Other | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original
       Proceeding

☒ 2 Removed from
       State Court

☐ 3 Remanded from
       Appellate Court

☐ 4 Reinstated or
       Reopened

☐ 5 Transferred from
       Another District
       *(specify)*

☐ 6 Multidistrict
       Litigation -
       Transfer

☐ 8 Multidistrict
       Litigation -
       Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332

Brief description of cause:
Personal injury action arising out of motor vehicle accident.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
       UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:     ☐ Yes    ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 04/06/2021 | s/Allison L. Perry, Esquire |

**FOR OFFICE USE ONLY**

RECEIPT #                    AMOUNT                    APPLYING IFP                    JUDGE                    MAG. JUDGE

UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **Ashley Brown, 4023 Old York Road, Philadelphia, PA 19140**

Address of Defendant: **Lyft, Inc., 185 Berry Street, Suite 5000, San Francisco, CA 94107**

Place of Accident, Incident or Transaction: **Luzerne Street and Old York Road, Philadelphia, PA**

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **04/06/2021**     *Allison Perry*     **306568**

*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**    *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify): _____*

**B.**    *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☑ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify): _____*
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____     _____     _____

*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>**CASE MANAGEMENT TRACK DESIGNATION FORM**</u>

| | | |
|---|---|---|
| ASHLEY BROWN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| LYFT, INC. AND JOHN DOE - DRIVER | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
      and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (×)

(d) Asbestos – Cases involving claims for personal injury or property damage from
      exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
      commonly referred to as complex and that need special or intense management by
      the court.  (See reverse side of this form for a detailed explanation of special
      management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( )

| | | |
|---|---|---|
| 04/06/2021 | Allison L. Perry | Lyft, Inc. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 925-2289 | (888) 811-7144 | aperry@dmclaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ASHLEY BROWN | : | |
| | : | CIVIL ACTION NO. |
| VS. | : | |
| | : | |
| LYFT, INC. AND JOHN DOE - DRIVER | : | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2021, upon consideration of the

Petition of Defendant Lyft, Inc., and any response thereto, it is hereby ORDERED and

DECREED that Defendant's Petition is granted and the action of <u>Ashley Brown v. Lyft, Inc. and</u>

<u>John Doe - Driver</u>, March Term, 2021, No. 169, is removed from the Court of Common Pleas of

Philadelphia County, Pennsylvania and is transferred to the United States District Court for the

Eastern District of Pennsylvania.


BY THE COURT:


_____
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ASHLEY BROWN               :
                                     :      CIVIL ACTION NO.
              VS.            :
                                       :
LYFT, INC. AND JOHN DOE - DRIVER   :

## <u>NOTICE OF REMOVAL</u>

TO:      THE UNITED STATES DISTRICT COURT FOR THE
            EASTERN DISTRICT OF PENNSYLVANIA

Defendant, Lyft, Inc. ("Lyft") by and through its attorneys, Dickie, McCamey & Chilcote, P.C., hereby files this Notice of Removal of the above-captioned matter from the Court of Common Pleas of Philadelphia County, the jurisdiction which is now pending, to the United States District Court for the Eastern District of Pennsylvania, and in support thereof avers as follows:

1.      This action was commenced by the filing of a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania at March Term, 2021, Number 169 on March 2, 2021. A copy of Plaintiff's Complaint is attached as Exhibit A.

2.      Lyft was served with the Complaint by certified mail on or about March 23, 2021.

3.      Plaintiff seeks damages for personal injuries that she allegedly sustained as she was exiting a vehicle on November 16, 2020 at the intersection of Luzerne Street and Old York Road in Philadelphia, Pennsylvania. <u>Id</u>., ¶ 5.

4.      Specifically, Plaintiff alleges that she, a pedestrian, was struck by a motor vehicle operated by John Doe. <u>Id</u>.

5.      At the time this action was commenced and continuing to the present, Lyft is a Delaware corporation with its principal place of business at 185 Berry Street, #5000, San Francisco, CA 94107.

6.      Upon information and belief, at the time this action was commenced and continuing to the present, Plaintiff is an adult individual residing at 4023 Old York Road, Philadelphia, Pennsylvania, who is a citizen and domiciliary of Pennsylvania.

7.      In determining whether a civil action is removable based on diversity of citizenship, the citizenship of defendants "sued under fictitious names" – as with Defendant "John Doe – Driver" here – shall be disregarded. 28 U.S.C. § 1441(b)(1).

8.      The Complaint alleges that, as a result of the subject accident, Plaintiff sustained injuries to her low back, right ankle and right foot. Id., ¶ 10.

9.      Plaintiff alleges that her injuries are permanent. Id., ¶ 12.

10.      Plaintiff alleges that she has sustained a loss of earnings, and may sustain a loss of earnings in the future. Id.

11.      The Complaint alleges that Plaintiff has suffered great pain and agony and has been, will and may be unable to attend to daily duties. Id.

12.      In addition to compensatory damages, Plaintiff seeks attorney's fees and punitive damages. Id. at ad damnum clauses.

13.      The amount in controversy is alleged in the Complaint to exceed the sum of Fifty Thousand Dollars ($50,000.00). Id.

14.      Under 28 U.S.C. § 1446(c)(2)(A)(ii), Lyft asserts the amount in controversy exceeds $75,000 because Plaintiff is permitted by state practice to recover damages in excess of the $50,000 demanded as a money judgment.

15.     Upon information and belief, the amount in controversy, as alleged based on the nature of the permanent injuries claimed and the claim for punitive damages, and without admitting to the existence or merit of same, exceeds Seventy-Five Thousand Dollars ($75,000.00).

16.     The present lawsuit is removable from the state court to the District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(a).

17.     Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in the judicial district, namely that the subject incident occurred in the City and County of Philadelphia.

18.     Copies of all process, pleadings and orders that have been received by Lyft are filed herewith and attached collectively hereto as Exhibit A.

19.     This Notice is timely, being filed within thirty (30) days of service of the Complaint on Defendant Lyft.

WHEREFORE, Defendant, Lyft, Inc., respectfully requests the above-captioned matter now pending against it in the Court of Common Pleas of Philadelphia County be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Date:  4/6/21

*Allison Perry*

Jeffrey H. Quinn, Esquire (PA ID No.:  46484)
jquinn@dmclaw.com
Allison L. Perry, Esquire (PA ID No.: 306568)
aperry@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
Telephone:  215-925-2289
Attorneys for Defendant Lyft, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

ASHLEY BROWN               :
                                     :     CIVIL ACTION NO.
               VS.             :
                                     :
LYFT, INC. AND JOHN DOE - DRIVER   :

---

## <u>AFFIDAVIT</u>

Allison L. Perry, Esquire, being sworn according to law deposes and says that she is the counsel for Defendant, Lyft, Inc. in the within matter; and that she has read the foregoing Notice of Removal and believes it to be true and correct, to the best of her knowledge, information and belief.

Respectfully submitted,

Date:  4/6/21

*Allison Perry*

_____

Allison L. Perry, Esquire (PA ID No.:  306568)
aperry@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
Telephone:  215-925-2289
Attorneys for Defendant Lyft Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

ASHLEY BROWN     :
           :  CIVIL ACTION NO.
     VS.     :
           :
LYFT, INC. AND JOHN DOE - DRIVER :

---

## PROOF OF FILING

   I, Allison L. Perry, Esquire, hereby certifies that a copy of the foregoing Notice for

Removal has been filed via electronic filing with the Prothonotary of the Court of Common Pleas

of Philadelphia County on 4/6/21.

          Respectfully submitted,

Date: 4/6/21       *Allison Perry*

          _____

          Allison L. Perry, Esquire (PA ID No.:  306568)
          aperry@dmclaw.com

          Dickie, McCamey & Chilcote, P.C.
          1650 Arch Street, Suite 2110
          Philadelphia, PA 19103
          Telephone:  215-925-2289
          Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

ASHLEY BROWN                              :
                                      :    CIVIL ACTION NO.
        VS.                    :
                                      :
LYFT, INC. AND JOHN DOE - DRIVER          :

---

## <u>CERTIFICATE OF SERVICE</u>

      I, Allison L. Perry, Esquire, hereby certify that a copy of the attached has been served

upon the following individual by first class, United States mail, postage pre-paid this 6th day of

April, 2021

David Brian Rodden, Esq.
*Rodden & Rodden*
125 North 20th Street
Philadelphia, PA 19103

                       Respectfully submitted,

Date:  4/6/21                  *Allison Perry*

                      _____
                      Allison L. Perry, Esquire (PA ID No.:  306568)
                      aperry@dmclaw.com

                      Dickie, McCamey & Chilcote, P.C.
                      1650 Arch Street, Suite 2110
                      Philadelphia, PA 19103
                      Telephone:  215-925-2289
                      Attorneys for Defendant Lyft, Inc.

DICKIE, McCAMEY & CHILCOTE, P.C.
1650 Arch Street
Suite 2110
Philadelphia, PA 19103
(215) 925-2289
By: Jeffrey H. Quinn, Esquire
Identification No. 46484
By: Allison L. Perry, Esquire
Identification No. 306568
Attorneys for Defendant, Lyft, Inc.

---

| ASHLEY BROWN | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| VS. | : | |
| | : | MARCH TERM, 2021 |
| LYFT, INC. AND JOHN DOE - DRIVER | : | NO. 169 |

---

## <u>NOTICE OF REMOVAL</u>

TO:   PROTHONOTARY OF THE COURT OF COMMON PLEAS OF PHILADELPHIA
COUNTY

Pursuant to 28 U.S.C.A. §1446(e), Lyft, Inc. files herewith a copy of the Notice of

Removal, which was filed in the United States District Court for the Eastern District of

Pennsylvania on 4/6/2021.

Respectfully submitted,

Date:   4/6/2021          *Allison Perry*

_____

JEFFREY H. QUINN, ESQUIRE
ALLISON L. PERRY, ESQUIRE
Attorneys for Defendant, Lyft, Inc.

**EXHIBIT "A"**

RODDEN & RODDEN
**BY:    DAVID BRIAN RODDEN, ESQUIRE**
**I.D. #:   58744**
125 NORTH 20TH STREET
PHILADELPHIA, PA  19103
TELEPHONE:  215-940-2155

MAJOR/JURY

*Filed and Attested by the
Office of Judicial Records
02 MAR 2021 08:08 am
S. RICE*

**ATTORNEYS FOR PLAINTIFF**

| | | |
|---|---|---|
| **ASHLEY BROWN** | : | COURT OF COMMON PLEAS |
| 4023 Old York Road | : | PHILADELPHIA COUNTY |
| Philadelphia, PA 19140 | : | |
| -vs.- | : | |
| | : | |
| **Lyft, Inc.** | : | |
| 185 Berry Street | : | |
| Ste. 5000 | | |
| San Francisco, CA 94105 | | |
| -and- | : | |
| **JOHN DOE- DRIVER** | : | |
| Philadelphia, PA | : | |

## CIVIL ACTION COMPLAINT
## NEGLIGENCE  -  MOTOR VEHICLE

### NOTICE

**You have been sued in court.** If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GEL LEGAL HELP.**

Lawyers Reference Service
One Reading Center
Philadelphia, PA 19107
(215) 238-6333
TTY (215) 451-6197

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en la paginas siguientes, usted tiene veinte (20) dias de piazo al partir de la fecha de la demanda y las notificacion. Hace falta asentar una comparesencia escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea continuar la demanda en contra suya sin previo aviso o notificacion. Ademas la corte puede decidir a favor del demandante y requiere que usted cumpla contodas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades o otros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUMENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

Servicio de Referencia Legal
Uno Reading Centro
Filadelfia, PA 19107
Telefono: (215) 238-6333
TTY (215) 451-6197

1.      Plaintiff, Ashley Brown is an 33 year old adult individual residing at the above captioned address and at all times material hereto suffered  injuries while exiting a vehicle in Philadelphia, Pennsylvania..

2.      Defendant Lyft, Inc., is a business for profit which offers ride sharing and peer to peer transportation services via cell phone applications which is registered as a foreign corporation in the Commonwealth of Pennsylvania and has a principal place of business at the  above captioned address.

3.      Defendant John Doe-Driver, is an adult individual who resides at the above noted address and at all times material hereto was the owner, operator of a motor vehicle involved in the incident described hereinafter.

4.      At all times relevant hereto, Defendant John Doe-Driver, was an employee, contractor, and/or agent of Defendant, Lyft, Inc., and was acting in the course and scope of his employment and/or

5.      On or about November 16, 2020 at approximately 9:00 p.m., Plaintiff was a pedestrian on the corner of Luzerne and Old York Road in Philadelphia, Pennsylvania, when Defendant John Doe-Driver, suddenly, without warning and inexplicably struck Plaintiff with the vehicle he was operating, said collision causing Plaintiff to fall to the ground, causing Plaintiff to sustain injuries, the extent of which will be described more fully hereinafter.

6.      The accident occurred when Defendant John Doe-Driver, carelessly, negligently, recklessly, and without warning, struck Plaintiff while operating a cell phone at the time of the accident.

7.      The operation of the cell phone along with a navigation system caused Defendant John Doe-driver to be distracted which was a contributing factor in Plaintiff's injuries.

7.      As a direct and proximate cause of the Defendants' negligence, Plaintiff sustained personal injuries more fully set forth at length below.

### COUNT I
### PLAINTIFF, ASHLEY BROWN vs. DEFENDANT JOHN DOE-DRIVER
### NEGLIGENCE

8. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though the same were fully set forth at length herein.

9. The aforesaid act was caused as a direct and proximate result of the recklessness, carelessness and negligence of Defendant John Doe-Driver which consisted of the following:

(a) Failing to keep proper lookout

(b) Failing to have said motor vehicle in proper and adequate control at all times

(c) Operating said motor vehicle in a careless manner, without regard to the rights and safety of those lawfully upon the road;

(d) Operating said motor vehicle in a reckless manner, without regard for the rights and safety of those lawfully on the road

(e) Failing to exercise due and proper care;

(f) Failing to give proper and sufficient warning before striking Plaintiff with his vehicle;

(g) Failing to stop said motor vehicle before striking Plaintiff

(h) Carless driving in violation of the Pennsylvania motor vehicle code;

(i) Driving at unsafe speed;

(j) Recklessly utilizing a cell phone and/or cell phone technology at the time of the accident;

(k) Being distracted by the use of a cell phone and/or cell phone technology at the time of the accident;

(l) Being distracted by engaging in the use of a GPS system and/or GPS technology which distracted Defendant at the time of the accident;

(m) Engaging in conversation and/or discussion with occupants of the Defendant's vehicle which caused him to be distracted at the time of the accident

(n) Being unfamiliar with the accident location area

(o) Operating his vehicle at an excessive rate of speed under the circumstances;

(p) Failing to keep a proper lookout;

(q) Failing to keep an assured clear distance ahead;

(r) Failing to yield;

(s) Violating the various ordinances of the Statutes of the State of Pennsylvania pertaining to the proper operation of motor vehicles on public highways; and

Case ID: 210300169

(t)  Being otherwise negligent under the circumstances.

10.     Solely as a result of the aforementioned occurrence, Plaintiff sustained severe injuries most specifically suffered low back, right ankle, right foot and other injuries. Plaintiff has endured and may continue to endure great pain and suffering and/or aggravation of pre-existing injuries and/or conditions.

11.     As an additional result of the occurrence hereinbefore described, Plaintiff has been obliged to expend various and diverse sums of money for hospitalization, medical treatment, medicines and care, in an effort to gain relief from the severe injuries suffered, and may and will be obliged to continue to make such expenditures for an indefinite time in the future, all to her great and continuing detriment and loss.

12.     As an additional result of the accident aforesaid, Plaintiff has suffered injuries which are or may be permanent in nature, and has suffered and will in the future continue to suffer great pain and agony, and has, will and may be unable to attend to daily duties, occupations, labors and employment, thereby losing the emoluments of her industry, and has suffered a loss, diminution and depreciation of her earnings and future earning capacity, which will continue for an indefinite time in the future, all to his great and continuing detriment and loss.

**WHEREFORE**, Plaintiff, Ashley Brown, hereby respectfully requests this Honorable Court to enter judgment against Defendant jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with costs, attorney fees, punitive damages and such other relief as this Honorable Court may deem just and appropriate.

### COUNT II
### PLAINTIFF, ASHLEY BROWN vs. DEFENDANT, LYFT, INC.
### NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION

13.     The foregoing paragraphs incorporated in this count but will not be restates for the sake of brevity.

14.     Defendant Lyft, Inc., as a matter of policy and practice fails to discipline, train or otherwise sanction its employees, contractors or agents in the appropriate practices, policies and procedures in the fair and safe operation of a motor vehicle in the Commonwealth of Pennsylvania.

15.     At all times herein mentioned, the defendant John Doe-Driver, was acting as the agent, servant and/or employee of the defendant, Lyft, Inc., and therefore, defendant John Doe-Driver's acts were attributable to defendant Lyft, Inc.

16.     Defendant Lyft, Inc.'s actions and failure to properly train, supervise, monitor, discipline and/or terminate Defendant John Doe-Driver constitutes reckless and wanton conduct, entitling Plaintiff to seek punitive damages.

17.     Defendants, Lyft, Inc, caused the aforementioned injuries and damages to the plaintiff as described in this Civil Action Complaint in violation of plaintiff's rights as follows:

     (a)     Failing to properly train, and/or establish proper training policies;

     (b)     Failing to exercise proper care and/or supervision over and/or establish proper monitoring and supervision policies for their employees and/or agents;

     (c)     Negligently hiring, training, supervising and or retaining defendant's employees and/or agents;

     (d)     Failing to implement and/or enact policies and procedures against inattentive driving;

     (e)     Failing to observe and/or enforce state, federal and/or local laws and/or regulations with regards to plaintiff;

     (f)     Failing to enact policies and/or procedures to ensure that plaintiff and other persons in situations similarly would not be injured;

Case ID: 210300169

(g)    Ignoring and/or acting with the deliberate indifference to plaintiff's health, safety and/or welfare;

(h)    Failing to exercise reasonable care in the selection or training of its employees

(i)    Failing to implement and/or enact policies and procedures against distracted driving;

(j)    Failing to implement and/or enact policies and procedures against the use of a cell phone while operating a motor vehicle in the Commonwealth of Pennsylvania;

(k)    Failing to implement and/or enact policies and procedures against unlawful reliance against cell phone and/or GPS technology which renders drivers of motor vehicles inattentive to the rules of the road

WHEREFORE, Plaintiff Ashley Brown demands judgment against Defendant in an amount in excess of $50,000.00, and be awarded punitive damages against Defendants.

<u>**COUNT III**</u>
<u>**PLAINTIFF, ASHLEY BROWN vs. DEFENDANT, LYFT, INC.**</u>
<u>**NEGLIGENT ENTRUSTMENT**</u>

18.    Plaintiff incorporates by reference, the allegations contained in the foregoing Paragraphs as though the same were set forth at length herein.

19.    The negligence, recklessness, and/or carelessness of Defendant, Lyft, Inc.,  which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consist of, but not limited to the following:

a)    Permitting Defendant John Doe-Driver to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

Case ID: 210300169

b) Permitting Defendant John Doe-Driver to operate the motor vehicle when Defendant knew, or in the exercise of due care and diligence, should have known that Defendant John Doe-Driver was capable of committing the acts of negligence set forth above;

c) Failing to properly screen, hire, employ, train, retain and/or supervise Defendant John Doe-Driver;

d) Negligently entrusting Defendant, John Doe-Driver to drive the motor vehicle;

e) Failing to warn those persons, including the Plaintiff, that Defendant Lyft knew, or in the existence of due care and diligence should have known that Plaintiff would be exposed to Defendant John Doe-Driver negligent operation of the motor vehicle.

20.     At all times relevant hereto, Defendant Lyft knew or should have known that Defendant John Doe-Driver was careless and/or reckless driver and/or should not have been behind the wheel of a vehicle, but failed to take reasonable steps to protect other motorist from serious bodily injury.

21.     As a direct and proximate result of the aforesaid negligent of Defendant Lyft, Plaintiff has suffered severe and permanent injuries to his body, as set forth previously herein.

22.      As a direct and proximate result of the aforesaid negligent of Defendant Lyft, Plaintiff is entitled to recover economic and non-economic damages, as set forth previously herein.

**WHEREFORE**, Plaintiff, Ashley Brown, hereby respectfully requests this Honorable Court to enter judgment against Defendant jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with costs, attorney fees, punitive damages and such other relief as this Honorable Court may deem just and appropriate.


### COUNT IV
### PLAINTIFF, ASHLEY BROWN vs. DEFENDANT, LYFT, INC.
### VICARIOUS LIABILITY

23.     Plaintiff incorporates by reference, the allegations contained in the foregoing Paragraphs as though the same were set forth at length herein.

24.     Defendant Lyft is vicariously liable for the actions of its agent, servant, workman, contractor, and/or employee Defendant John Doe-Driver, who at all times relevant acted within the course and scope of his authority and on the Defendant's behalf.

25.     Defendant Lyft is liable for the negligent conduct of its driver/employee, Defendant John Doe-Driver, under the doctrine of respondeat superior because of his conduct as aforesaid was done with the intent of furthering Defendant's business.

26.     As a direct and proximate result of the aforesaid negligent of Defendant Lyft, Plaintiff has suffered sever and permanent injuries to his body, as set forth previously herein.

27.     As a direct and proximate result of the aforesaid negligent of Defendant Lyft, Plaintiff is entitled to recover economic and non-economic damages, as set forth previously herein.

**WHEREFORE**, Plaintiff, Ashley Brown, hereby respectfully requests this Honorable Court to enter judgment against Defendant jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with costs, attorney fees, punitive damages and such other relief as this Honorable Court may deem just and appropriate.

RODDEN & RODDEN

By:     _David Brian Rodden_
        David Brian Rodden, Esquire
        Attorney for Plaintiff

Dated: February 24, 2021

# **VERIFICATION**

David Brian Rodden, Esquire, attorney for Plaintiff in the foregoing matter, hereby verifies that he has been authorized to take this Verification on his client's behalf; he is familiar with the facts and circumstances surrounding this matter; and that the facts set forth in the foregoing document are true and correct to the best of his knowledge, information and belief.

Further, he is aware that any false statements made herein are subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification made to authorities.

_David Brian Rodden_____
David Brian Rodden, Esquire
Attorney for Plaintiff

Dated:          March 1, 2021

| | |
|---|---|
| RODDEN & RODDEN | MAJOR/JURY |
| BY:   DAVID BRIAN RODDEN, ESQUIRE | |
| I.D. #:  58744 | |
| 125 NORTH 20TH STREET | |
| PHILADELPHIA, PA  19103 | |
| TELEPHONE:  215-940-2155 | ATTORNEYS FOR PLAINTIFF |

| | | |
|---|---|---|
| **ASHLEY BROWN** | : | COURT OF COMMON PLEAS |
| 4023 Old York Road | : | PHILADELPHIA COUNTY |
| Philadelphia, PA 19140 | : | |
| -vs.- | : | |
| | : | NO. *210300169* |
| **Lyft, Inc.** | | |
| 185 Berry Street | | |
| Ste. 5000 | | |
| San Francisco, CA 94105 | | |
| -and- | : | |
| **JOHN DOE- DRIVER** | : | |
| Philadelphia, PA | : | |

## ACCEPTANCE OF SERVICE PURSUANT TO PA. R.C.P. 402(b)

I accept service of the Civil Action Complaint filed in the above matter on behalf of

defendant, Lyft, Inc., with reference to the above matter.

*Allison Perry*

_____
Allison Perry, Esquire

Dated:       April 1, 2021