| | |
|---|---|
| RODDEN & RODDEN<br>BY:     **DAVID BRIAN RODDEN, ESQUIRE**<br>I.D. #:   58744<br>125 NORTH 20TH STREET<br>PHILADELPHIA, PA  19103<br>TELEPHONE:  215-940-2155 | MAJOR/JURY<br><br><br><br><br>ATTORNEYS FOR PLAINTIFF |

*Filed and Attested by the Office of Judicial Records 02 MAR 2021 08:08 am S. RICE*

| | | |
|---|---|---|
| **ASHLEY BROWN**<br>4023 Old York Road<br>Philadelphia, PA 19140 | :<br>:<br>: | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| -vs.- | :<br>: | |
| **Lyft, Inc.**<br>185 Berry Street<br>Ste. 5000<br>San Francisco, CA 94105 | | |
| -and- | : | |
| **JOHN DOE- DRIVER**<br>Philadelphia, PA | :<br>: | |

**CIVIL ACTION COMPLAINT**
**NEGLIGENCE  -  MOTOR VEHICLE**

| *N O T I C E* | *A V I S O* |
|---|---|
| **You have been sued in court**. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fall to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GEL LEGAL HELP.** | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en la paginas siguientes, usted tiene veinte (20) dias de piazo al partir de la fecha de la demanda y las notificacion. Hace falta asentar una comparesencia escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea continuar la demanda en contra suya sin previo aviso o notificacion. Ademas la corte puede decidir a favor del demandante y requiere que usted cumpla contodas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades o otros derechos importantes para usted.<br><br>**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUMENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.** |
| Lawyers Reference Service<br>One Reading Center<br>Philadelphia, PA 19107<br>(215) 238-6333<br>TTY (215) 451-6197 | Servicio de Referencia Legal<br>Uno Reading Centro<br>Filadelfia, PA 19107<br>Telefono: (215) 238-6333<br>TTY (215) 451-6197 |

Case ID: 210300169

1. Plaintiff, Ashley Brown is an 33 year old adult individual residing at the above captioned address and at all times material hereto suffered injuries while exiting a vehicle in Philadelphia, Pennsylvania..

2. Defendant Lyft, Inc., is a business for profit which offers ride sharing and peer to peer transportation services via cell phone applications which is registered as a foreign corporation in the Commonwealth of Pennsylvania and has a principal place of business at the above captioned address.

3. Defendant John Doe-Driver, is an adult individual who resides at the above noted address and at all times material hereto was the owner, operator of a motor vehicle involved in the incident described hereinafter.

4. At all times relevant hereto, Defendant John Doe-Driver, was an employee, contractor, and/or agent of Defendant, Lyft, Inc., and was acting in the course and scope of his employment and/or

5. On or about November 16, 2020 at approximately 9:00 p.m., Plaintiff was a pedestrian on the corner of Luzerne and Old York Road in Philadelphia, Pennsylvania, when Defendant John Doe-Driver, suddenly, without warning and inexplicably struck Plaintiff with the vehicle he was operating, said collision causing Plaintiff to fall to the ground, causing Plaintiff to sustain injuries, the extent of which will be described more fully hereinafter.

6. The accident occurred when Defendant John Doe-Driver, carelessly, negligently, recklessly, and without warning, struck Plaintiff while operating a cell phone at the time of the accident.

7. The operation of the cell phone along with a navigation system caused Defendant John Doe-driver to be distracted which was a contributing factor in Plaintiff's injuries.

7. As a direct and proximate cause of the Defendants' negligence, Plaintiff sustained personal injuries more fully set forth at length below.

**COUNT I**
**PLAINTIFF, ASHLEY BROWN vs. DEFENDANT JOHN DOE-DRIVER**
**NEGLIGENCE**

Case ID: 210300169

8. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though the same were fully set forth at length herein.

9. The aforesaid act was caused as a direct and proximate result of the recklessness, carelessness and negligence of Defendant John Doe-Driver which consisted of the following:

(a) Failing to keep proper lookout
(b) Failing to have said motor vehicle in proper and adequate control at all times
(c) Operating said motor vehicle in a careless manner, without regard to the rights and safety of those lawfully upon the road;
(d) Operating said motor vehicle in a reckless manner, without regard for the rights and safety of those lawfully on the road
(e) Failing to exercise due and proper care;
(f) Failing to give proper and sufficient warning before striking Plaintiff with his vehicle;
(g) Failing to stop said motor vehicle before striking Plaintiff
(h) Carless driving in violation of the Pennsylvania motor vehicle code;
(i) Driving at unsafe speed;
(j) Recklessly utilizing a cell phone and/or cell phone technology at the time of the accident;
(k) Being distracted by the use of a cell phone and/or cell phone technology at the time of the accident;
(l) Being distracted by engaging in the use of a GPS system and/or GPS technology which distracted Defendant at the time of the accident;
(m) Engaging in conversation and/or discussion with occupants of the Defendant's vehicle which caused him to be distracted at the time of the accident
(n) Being unfamiliar with the accident location area
(o) Operating his vehicle at an excessive rate of speed under the circumstances;
(p) Failing to keep a proper lookout;
(q) Failing to keep an assured clear distance ahead;
(r) Failing to yield;
(s) Violating the various ordinances of the Statutes of the State of Pennsylvania pertaining to the proper operation of motor vehicles on public highways; and

(t) Being otherwise negligent under the circumstances.

10. Solely as a result of the aforementioned occurrence, Plaintiff sustained severe injuries most specifically suffered low back, right ankle, right foot and other injuries. Plaintiff has endured and may continue to endure great pain and suffering and/or aggravation of pre-existing injuries and/or conditions.

11. As an additional result of the occurrence hereinbefore described, Plaintiff has been obliged to expend various and diverse sums of money for hospitalization, medical treatment, medicines and care, in an effort to gain relief from the severe injuries suffered, and may and will be obliged to continue to make such expenditures for an indefinite time in the future, all to her great and continuing detriment and loss.

12. As an additional result of the accident aforesaid, Plaintiff has suffered injuries which are or may be permanent in nature, and has suffered and will in the future continue to suffer great pain and agony, and has, will and may be unable to attend to daily duties, occupations, labors and employment, thereby losing the emoluments of her industry, and has suffered a loss, diminution and depreciation of her earnings and future earning capacity, which will continue for an indefinite time in the future, all to his great and continuing detriment and loss.

**WHEREFORE**, Plaintiff, Ashley Brown, hereby respectfully requests this Honorable Court to enter judgment against Defendant jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with costs, attorney fees, punitive damages and such other relief as this Honorable Court may deem just and appropriate.

<u>**COUNT II**</u>
<u>**PLAINTIFF, ASHLEY BROWN vs. DEFENDANT, LYFT, INC.**</u>
<u>**NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION**</u>

Case ID: 210300169

13. The foregoing paragraphs incorporated in this count but will not be restates for the sake of brevity.

14. Defendant Lyft, Inc., as a matter of policy and practice fails to discipline, train or otherwise sanction its employees, contractors or agents in the appropriate practices, policies and procedures in the fair and safe operation of a motor vehicle in the Commonwealth of Pennsylvania.

15. At all times herein mentioned, the defendant John Doe-Driver, was acting as the agent, servant and/or employee of the defendant, Lyft, Inc., and therefore, defendant John Doe-Driver's acts were attributable to defendant Lyft, Inc.

16. Defendant Lyft, Inc.'s actions and failure to properly train, supervise, monitor, discipline and/or terminate Defendant John Doe-Driver constitutes reckless and wanton conduct, entitling Plaintiff to seek punitive damages.

17. Defendants, Lyft, Inc, caused the aforementioned injuries and damages to the plaintiff as described in this Civil Action Complaint in violation of plaintiff's rights as follows:

    (a) Failing to properly train, and/or establish proper training policies;

    (b) Failing to exercise proper care and/or supervision over and/or establish proper monitoring and supervision policies for their employees and/or agents;

    (c) Negligently hiring, training, supervising and or retaining defendant's employees and/or agents;

    (d) Failing to implement and/or enact policies and procedures against inattentive driving;

    (e) Failing to observe and/or enforce state, federal and/or local laws and/or regulations with regards to plaintiff;

    (f) Failing to enact policies and/or procedures to ensure that plaintiff and other persons in situations similarly would not be injured;

(g) Ignoring and/or acting with the deliberate indifference to plaintiff's health, safety and/or welfare;

(h) Failing to exercise reasonable care in the selection or training of its employees

(i) Failing to implement and/or enact policies and procedures against distracted driving;

(j) Failing to implement and/or enact policies and procedures against the use of a cell phone while operating a motor vehicle in the Commonwealth of Pennsylvania;

(k) Failing to implement and/or enact policies and procedures against unlawful reliance against cell phone and/or GPS technology which renders drivers of motor vehicles inattentive to the rules of the road

WHEREFORE, Plaintiff Ashley Brown demands judgment against Defendant in an amount in excess of $50,000.00, and be awarded punitive damages against Defendants.

### COUNT III
### PLAINTIFF, ASHLEY BROWN vs. DEFENDANT, LYFT, INC.
### NEGLIGENT ENTRUSTMENT

18. Plaintiff incorporates by reference, the allegations contained in the foregoing Paragraphs as though the same were set forth at length herein.

19. The negligence, recklessness, and/or carelessness of Defendant, Lyft, Inc., which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consist of, but not limited to the following:

a) Permitting Defendant John Doe-Driver to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

Case ID: 210300169

b) Permitting Defendant John Doe-Driver to operate the motor vehicle when Defendant knew, or in the exercise of due care and diligence, should have known that Defendant John Doe-Driver was capable of committing the acts of negligence set forth above;

c) Failing to properly screen, hire, employ, train, retain and/or supervise Defendant John Doe-Driver;

d) Negligently entrusting Defendant, John Doe-Driver to drive the motor vehicle;

e) Failing to warn those persons, including the Plaintiff, that Defendant Lyft knew, or in the existence of due care and diligence should have known that Plaintiff would be exposed to Defendant John Doe-Driver negligent operation of the motor vehicle.

20. At all times relevant hereto, Defendant Lyft knew or should have known that Defendant John Doe-Driver was careless and/or reckless driver and/or should not have been behind the wheel of a vehicle, but failed to take reasonable steps to protect other motorist from serious bodily injury.

21. As a direct and proximate result of the aforesaid negligent of Defendant Lyft, Plaintiff has suffered severe and permanent injuries to his body, as set forth previously herein.

22. As a direct and proximate result of the aforesaid negligent of Defendant Lyft, Plaintiff is entitled to recover economic and non-economic damages, as set forth previously herein.

**WHEREFORE**, Plaintiff, Ashley Brown, hereby respectfully requests this Honorable Court to enter judgment against Defendant jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with costs, attorney fees, punitive damages and such other relief as this Honorable Court may deem just and appropriate.

### COUNT IV
### PLAINTIFF, ASHLEY BROWN vs. DEFENDANT, LYFT, INC.
### VICARIOUS LIABILITY

23. Plaintiff incorporates by reference, the allegations contained in the foregoing Paragraphs as though the same were set forth at length herein.

Case ID: 210300169

24. Defendant Lyft is vicariously liable for the actions of its agent, servant, workman, contractor, and/or employee Defendant John Doe-Driver, who at all times relevant acted within the course and scope of his authority and on the Defendant's behalf.

25. Defendant Lyft is liable for the negligent conduct of its driver/employee, Defendant John Doe-Driver, under the doctrine of respondeat superior because of his conduct as aforesaid was done with the intent of furthering Defendant's business.

26. As a direct and proximate result of the aforesaid negligent of Defendant Lyft, Plaintiff has suffered sever and permanent injuries to his body, as set forth previously herein.

27. As a direct and proximate result of the aforesaid negligent of Defendant Lyft, Plaintiff is entitled to recover economic and non-economic damages, as set forth previously herein.

**WHEREFORE**, Plaintiff, Ashley Brown, hereby respectfully requests this Honorable Court to enter judgment against Defendant jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with costs, attorney fees, punitive damages and such other relief as this Honorable Court may deem just and appropriate.

          RODDEN & RODDEN

By:    *David Brian Rodden*
      David Brian Rodden, Esquire
      Attorney for Plaintiff

Dated: February 24, 2021

Case ID: 210300169

# **VERIFICATION**

David Brian Rodden, Esquire, attorney for Plaintiff in the foregoing matter, hereby verifies that he has been authorized to take this Verification on his client's behalf; he is familiar with the facts and circumstances surrounding this matter; and that the facts set forth in the foregoing document are true and correct to the best of his knowledge, information and belief.

Further, he is aware that any false statements made herein are subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification made to authorities.

*David Brian Rodden*
David Brian Rodden, Esquire
Attorney for Plaintiff

Dated:   March 1, 2021

Case ID: 210300169

| | |
|---|---|
| RODDEN & RODDEN<br>**BY:  DAVID BRIAN RODDEN, ESQUIRE**<br>**I.D. #: 58744**<br>125 NORTH 20TH STREET<br>PHILADELPHIA, PA  19103<br>TELEPHONE:  215-940-2155 | MAJOR/JURY<br><br><br><br><br>**ATTORNEYS FOR PLAINTIFF** |
| **ASHLEY BROWN**<br>4023 Old York Road<br>Philadelphia, PA 19140<br>              -vs.-<br><br>**Lyft, Inc.**<br>185 Berry Street<br>Ste. 5000<br>San Francisco, CA 94105<br>              -and-<br>**JOHN DOE- DRIVER**<br>Philadelphia, PA | :    COURT OF COMMON PLEAS<br>:    PHILADELPHIA COUNTY<br>:<br>:<br>:    NO. ***210300169***<br>:<br>:<br>:<br>:<br>:<br>: |

## **ACCEPTANCE OF SERVICE PURSUAINT TO PA. R.C.P. 402(b)**

I accept service of the Civil Action Complaint filed in the above matter on behalf of defendant, Lyft, Inc., with reference to the above matter.

*Allison Perry*

Allison Perry, Esquire

Dated:    April 1, 2021